Narine Mkrtchyan (243269)
MKRTCHYAN LAW
P.O. Box 2288
Toluca Lake, CA 91610
Tel.  (818) 388-7022
E-mail: narine56@msn.com

Attorney for Plaintiff
LISAMARIE RAYZBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISAMARIE RAYZBERG, | No. 2:23-CV-02585 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| | 1.  Violation of Civil Rights (42 U.S.C. §1983) |
| COUNTY OF LOS ANGELES, SERGEANT CLAUDIA SAUCEDO 510710, individually and as a peace officer, DEPUTY SCOTT REYNAL 146, individually and as a peace officer, DEPUTY MARTINEZ 2186, individually and as a peace officer, and DOES 1-10. | 2.  *Monell* Claim (42 U.S.C. §1983) |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

**JURISDICTION**

1.      Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4).  This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

2.      At all times herein mentioned, Plaintiff LISAMARIE RAYZBERG was a 42-year old Hispanic resident of the County of Los Angeles, City of Montebello.

3.      At all times herein mentioned SERGEANT CLAUDIA SAUCEDO 510710, DEPUTY SCOTT REYNAL 146, DEPUTY MARTINEZ 2186, and DOES 1-10, inclusive and each of them, were employees of the COUNTY OF LOS ANGELES, and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

4.      Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "COUNTY") is and at all times herein mentioned has been a public entity and an incorporated city duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ("LASD") and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force, and powers of arrest by its rank and file.

5.      Plaintiff is informed and believes and thereon alleges that SERGEANT CLAUDIA SAUCEDO 510710, DEPUTY SCOTT REYNAL 146, DEPUTY MARTINEZ 2186, and each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such

1  fictitious names and will be added to this action as provided by California Code of Civil

2  Procedure Section 484 and FRCP Section 15.

3

4      6.    Defendants, and each of them, did the acts and omissions hereinafter alleged in bad

5  faith and with knowledge that their conduct violated well established and settled law.

6

7      7.    On May 15, 2021 at or around 10:00-11:00 am 42-year old Plaintiff LISAMARIE

8  RAYZBERG was in parking lot of her own apartment complex, located at 317 Via Vista, City of

9  Montebello, CA, seated in her car, a Blue Chevy Tahoe, parked at a designated parking spot, and

10  drinking coffee, waiting for her husband to come out of home. She saw a Sheriff's marked patrol

11  vehicle enter the driveway of the parking lot that was a dead end, drive around and stop in the

12  parking lot. A Sheriff's deputy, DEPUTY SCOTT REYNAL came out approached her and

13  without identifying himself or the reason for his approach, rudely inquired, 'Whose car is this?'

14  Startled RAYZBERG said, 'It is mine. Why?!' REYNAL was not satisfied, 'This is a stolen car. I

15  need your papers!' It did not sound like a legitimate investigation and RAYZBERG who felt

16  harassed for no reason as a Hispanic resident in a predominantly Hispanic neighborhood, objected

17  to this bizarre allegation without following the procedure and protocol. As a local business owner

18  she had many interactions with police officers and this conduct took her aback. She inquired,

19  what was going on, and what he was investigating. In response REYNAL said something to the

20  effect, he did not have to explain to her, then maliciously and without warning grabbed

21  RAYZBERG's hand, pulled her out of the car by spilling the coffee she had in her hands, and

22  immediately handcuffed her by twisting, pulling and locking her arms behind her in a forceful

23  manner hurting and injuring her shoulder. RAYZBERG immediately felt pain in her shoulder and

24  complained, 'You are hurting me! Why are you treating me this way? What is going on?'

25  REYNAL did not give any explanation why he was detaining her in this forceful and malicious

26  manner. At this time RAYZBERG's husband Gennady Rayzberg came out of the house and saw

27  RAYZBERG in handcuffs and started protesting and calling 911, by filing a complaint with the

28  dispatcher. Undeterred REYNAL also placed handcuffs on the husband, started searching both

RAYZBERG's car and the husband's car, parked also nearby. REYNAL searched RAYZBERG's purse, got her information and could have easily learned the car belonged to her within minutes but continued detaining her in handcuffs in his patrol car, under a de facto arrest. RAYZBERG was seated in a very uncomfortable position in the back of REYNAL'S patrol car, complaining of pain in her arms and shoulder, and asking him to loosen up the handcuffs, still wondering why she was being detained in her own parking lot of her own home. RAYZBERG demanded a supervisor from REYNAL. No effort was made by REYNAL to loosen her handcuffs, or explain what he was investigating and why it was necessary to arrest her when she was neither resisting nor was an impediment to his 'investigative efforts'. After an hour of detention in this manner, more LASD officers arrived, including SERGEANT CLAUDIA SAUCEDO, the supervising officer at scene, and DEPUTY MARTINEZ. RAYZBERG complained to SERGEANT SAUCEDO of the unwarranted intrusion and arrest, asked to loosen the handcuffs and specifically told her she was in pain. While able to intervene and with authority to investigate the true facts, SERGEANT SAUCEDO did not take any steps to promptly release RAYZBERG from the unlawful arrest. Nor did DEPUTY MARTINEZ, watching and listening with ability to intervene, intervened in this prolonged detention that turned into an arrest without probable cause. RAYZBERG was seated in the car for an indefinite time which to her felt at least two hours. She was feeling her right shoulder and arm getting numb from pain. After a while when both their cars were searched with all contents, she was released with a bogus explanation that they were investigating a stolen vehicle. But from the information she received upon her release from the LASD and Montebello Police Department that also arrived, her car did not match the stolen car. Moreover, her car had a distinct logo associated with the business she was operating at the time, was lawfully purchased from Kansas and had a license plate from Kansas. RAYZBERG had registered her car also in California when she moved from Kansas. She had the title and insurance in the car proving her ownership. Had REYNAL initially explained the reason for his intrusion was related to an investigation of a stolen vehicle, and professionally asked her to provide proof of ownership of the car, she would have produced it. As she was being released RAYZBERG continued complaining of pain and discomfort to her shoulder, and asked for medical care from

1    SERGEANT SAUCEDO, REYNAL AND MARTINEZ. But no medical care was offered. She

2    also asked for the names of the involved officers, but was refused that information.

3         Distraught and traumatized RAYZBERG immediately went to the nearby LASD station

4    upon her release and filed a complaint with the Watch Commander Eduardo Lopez, who

5    documented her complaint and interviewed her about the incident. Only there she learned the

6    identities of the officers who detained and arrested her and was provided a report number ELA

7    0118 for the incident. She insisted she was injured as a result of this unlawful detention and arrest

8    and asked for medical care. She was told LASD needed to investigate her complaint and she

9    would be contacted by Lieutenant Taylor. Thereafter, she was interviewed about the incident

10   again but never received any disposition of the complaint. She was specifically told they would

11   contact her regarding medical care and treatment.

12        As she did not receive any referrals for medical care from the LASD and her pain got

13   worse, she checked in with the local hospital, was diagnosed with a right shoulder tear and began

14   long arduous treatment for her injuries that have not healed to date. Due to her injuries, she was

15   no longer able to operate her business, causing financial hardship to her and loss of earnings. To

16   date she is undergoing pain management and is permanently disabled and disfigured in her right

17   arm, causing a great deal of pain and suffering and loss of enjoyment of life.

18        Through her attorney on June 20, 2022 she sent a letter to the LASD Chief Alex

19   Villanueva requesting the disposition of her complaint and records related to her complaint under

20   PC 832.7 (b)(1)(A)(ii) and the California Public Records Act. The LASD refused to provide

21   public records and did not inform of the disposition of the complaint in violation of the California

22   Public Records Act and California Penal Code 832.5.

23        As of the date of this complaint Plaintiff has not received any communication regarding

24   the outcome of her two year-long citizen complaint from the LASD in violation of the statutes

25   requiring investigation and a disposition letter. On information and belief, none of the Defendants

26   have been disciplined and the LASD and the COUNTY informally ratified their egregious

27   misconduct and unlawful police practices as it has been their long-standing custom and practice

28   with respect to other detainees and citizens.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF CIVIL RIGHTS- UNREASONABLE SEARCH AND SEIZURE,**
**EXCESSIVE FORCE, FALSE ARREST, CONSPIRACY TO DEPRIVE**
**CONSTITUTIONAL RIGHTS, DENIAL OF MEDICAL CARE –**
**42 U.S.C. § 1983)**
**(By Plaintiff Against All Individual Defendants)**

8.      Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 7 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

9.      This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

10.      Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants SERGEANT CLAUDIA SAUCEDO 510710, DEPUTY SCOTT REYNAL 146, DEPUTY MARTINEZ 2186, and DOES 1-10, inclusive and each of them, intentionally and maliciously deprived Plaintiff of rights secured to her by the Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unreasonable detention, unreasonable search, unreasonable force, de facto arrest without probable cause, and denial of medical care.

11.      The aforementioned acts and omissions were committed in accordance with widespread policies, practices and customs maintained by COUNTY and LASD as elaborated hereinafter at paragraphs 18-23.

12.     Defendants, and each of them, quickly and spontaneously reached meeting of minds to carry out and perpetrate the mutually supportive conspiracy to deprive Plaintiff of her rights by participating in a corrupt effort to illegally seize, search and arrest Plaintiff without probable cause.

13.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to her nervous system, fear, anxiety, torment, degradation and emotional distress.

14.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical expenses in an amount as proved.

15.     In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to her usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to her damage in an amount as proved.

16.     By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

17.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

**SECOND CAUSE OF ACTION**
**(UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)**
**(By Plaintiff Against Defendant COUNTY)**

18.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 17 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

19.     Defendant COUNTY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LASD and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

20.     At all times herein mentioned, Defendants, and each of them, were employees acting under the COUNTY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY and LASD.

21.     Defendant COUNTY knowingly maintains and permits official sub-rosa policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline

or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by COUNTY and LASD.

22.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants COUNTY and LASD include, but are not limited to:

(1)     Defendant COUNTY, and LASD had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees and refused to enforce established administrative procedures to ensure the safety of detainees and arrestees. Specifically, COUNTY and LASD knew Defendants SERGEANT SAUCEDO 510710, DEPUTY SCOTT REYNAL 146, DEPUTY MARTINEZ 2186 and DOES 1-10, inclusive and each of them, had in the past committed acts of police abuse, dishonesty and prevarication against members of the public, most of them members of protected minority classes;

(2)     Defendant COUNTY and LASD failed to do proper background investigations of Defendants under Cal. Gov. Code §1031 before hiring for employment as peace officers.

(3)     Defendant COUNTY and LASD refused to take citizen complaints, interview involved officers and adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct.

(4)     Defendant COUNTY and LASD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Defendants and other LASD officers;

(5)     Defendant COUNTY and LASD reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(6)     Defendant COUNTY and LASD covered up acts of misconduct and abuse by LASD officers and sanctioned a code of silence by and among officers;

(7)     Defendant COUNTY and LASD rewarded officers who displayed aggressive and abusive behavior towards detainees and arrestees;

(8)     Defendant COUNTY and LASD failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(9)     Defendant COUNTY and LASD and failed to adequately supervise the actions of officers under their control and guidance;

(10)     Defendant COUNTY and LASD condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the COUNTY, LASD and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(11)     Defendant COUNTY and LASD condone and encourage a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(12)     Defendant COUNTY and LASD engaged in the practice and custom of withholding from criminal defendants, judges and prosecutors, known Brady evidence favorable to defendants and unfavorable to its officers in violation of law and the Constitution.

1      (13)    Defendant COUNTY and LASD fostered and encouraged an atmosphere of

2  lawlessness, abuse and misconduct, which by May 15, 2021 and thereafter, represented the

3  unconstitutional policies, practices and customs of the COUNTY and LASD.

4

5      23.    By reason of the aforesaid policies, customs, practices and usages, Plaintiff's rights

6  under the Fourth, and Fourteenth Amendments to the United States Constitution were deprived.

7

8  **PRAYER**

9      WHEREFORE, Plaintiff prays judgment against Defendants and

10  each of them, as follows:

11      AS TO EACH CAUSE OF ACTION AS APPLICABLE

12      1.    For General damages according to proof;

13      2.    For Special damages according to proof;

14      3.    For Punitive damages as provided by law, in an amount to be proved against each

15  individual Defendant;

16      4.    For Attorney's fees pursuant to 42 U.S.C § 1988;

17      5.    For Costs of suit;

18      6.    For such other and further relief as the Court may deem proper.

19

20  DATED:    April 6, 2023        MKRTCHYAN LAW

21

22

23          By:    /s/Narine Mkrtchyan

24              Narine Mkrtchyan
            Attorney for Plaintiff

25

26

27

28

## **PLAINTIFF'S JURY TRIAL DEMAND**

    Plaintiff hereby demands trial by jury.

DATED:      April 6, 2023             MKRTCHYAN LAW

                       By:    /s/Narine Mkrtchyan
                             Narine Mkrtchyan
                             Attorney for Plaintiff