UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

Present: The Honorable  Jacqueline Chooljian, United States Magistrate Judge

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None                                                                 None

**Proceedings:**    (IN CHAMBERS)

**NOTICE OF TENTATIVE RULINGS ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES BY DEFENDANT LOS ANGELES COUNTY (DOCKET NO. 23)**

**I.   SUMMARY**

On December 5, 2023, Plaintiff LisaMarie Rayzberg filed a Motion to Compel Discovery Responses by Defendant Los Angeles County ("Plaintiff's Motion") which is set for a telephonic hearing before this Court on January 2, 2023 at 9:30 a.m.[1]  Plaintiff's Motion essentially seeks an order compelling Defendant County of Los Angeles ("Defendant" or the "County") to supplement its production and responses to Defendant's Requests for Production (alternatively, "RFP") Nos. 3, 4, 10, 13-15 and 24 and an order awarding Plaintiff monetary sanctions.  (Docket No. 23).

Based upon the Court's consideration of the parties' submissions in connection with Plaintiff's Motion and the pertinent facts and law, the Court is tentatively inclined to grant in part and to deny in part Plaintiff's Motion and to order Defendant to produce the items specified herein within fourteen (14) days of the date of this Court's final Order, or on such later date to which the parties may agree in writing that is consistent with the February 14, 2024 discovery cut-off.  The parties may address the tentative ruling at the hearing on this matter.

///
///
///

---

[1] In connection with Plaintiff's Motion, the parties have submitted Plaintiff's Notice of Motion and Motion, a Declaration of Counsel Narine Mkrtchyan ("NM Decl.") with exhibits ("NM Ex."), Defendant's Opposition to Plaintiff's Motion ("Opposition" or "Opp.") , and Plaintiff's Reply ("Reply") with another exhibit ("Reply Ex. K").  (Docket Nos. 23-25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

**II.   PERTINENT BACKGROUND**

On April 26, 2023, Plaintiff filed a Complaint for Damages ("Complaint" or "Comp.") against the County of Los Angeles (the "County"), three Los Angeles Sheriff's Department ("LASD") officers – Sergeant Claudia Saucedo, Deputy Scott Reynal, and Deputy Martinez – and Does 1-10, asserting two claims:  (1) a claim for violation of Plaintiff's civil rights, arising under 42 U.S.C. § 1983 ("Section 1983), predicated on unreasonable search and seizure, excessive force, false arrest, conspiracy to deprive constitutional rights, and denial of medical care against all individual Defendants; and (2) a claim for unlawful custom and practice arising under Section 1983 against the County.  (Docket No. 1).

The Complaint alleges the following:

On May 15, 2021, around 10:00-11:00 a.m., 42-year-old Plaintiff LisaMarie Rayzberg was in the parking lot of her own apartment complex (317 Via Vista, Montebello, CA), seated in her car, a blue Chevy Tahoe, parked at a designated parking spot and drinking coffee, waiting for her husband to come out of their home.  (Comp. ¶ 7).  A Sheriff's marked patrol vehicle entered the driveway of the parking lot that was a dead end, drove around, and stopped in the parking lot.  (Comp. ¶ 7).  Sheriff's Deputy Scott Reynal came out, approached Plaintiff and asked her:  "Whose car is this?" (Comp. ¶ 7).  Plaintiff responded: "It is mine.  Why?!" (Comp. ¶ 7).  Deputy Reynal stated: "This is a stolen car.  I need your papers!" (Comp. ¶ 7).  Plaintiff asked Deputy Reynal what was going on, and what he was investigating?  (Comp. ¶ 7).  Deputy Reynal essentially responded that he did not have to explain to her and then, without warning, grabbed Plaintiff's hand, pulled her out of the car – spilling the coffee she had in her hands – and handcuffed Plaintiff by twisting, pulling, and locking Plaintiff's arms behind her in a forceful manner, hurting and injuring her shoulder.  (Comp. ¶ 7).  Plaintiff immediately felt pain in her shoulder and complained:  "You are hurting me! Why are you treating me this way?  What is going on?" (Comp. ¶ 7).  Deputy Reynal did not explain and placed Plaintiff in the back of his patrol car.  (Comp. ¶ 7).[2]  Plaintiff's husband came out of their home, saw Plaintiff in handcuffs, and started protesting, called 911, and complained to the dispatcher.  (Comp. ¶ 7).  Deputy Reynal then handcuffed Plaintiff's husband, searched Plaintiff's car and her husband's car that was parked nearby, and searched Plaintiff's purse.  Plaintiff complained of pain in her arms and shoulder, asked Deputy Reynal to loosen the handcuffs, and demanded a supervisor.  (Comp. ¶ 7).  Deputy Reynal did not loosen Plaintiff's handcuffs or explain what he was investigating.  (Comp. ¶ 7).

---

[2]Defendants represent:  Deputy Reynal was then working patrol in a patrol car equipped with Lo-Jack equipment that alerted him to a stolen 2001 Chevy Tahoe in the area of 317 Via Vista, Montebello, CA (a condominium complex).  He drove to the area and saw Plaintiff sitting in a navy blue 2004 Chevy Tahoe, had a brief discussion with her, and then handcuffed and detained her in the rear of his patrol vehicle pending a stolen vehicle investigation.  It was later determined that the navy blue Chevy Tahoe was not associated with the Lo-Jack alert and that the stolen vehicle was located a short distance away in a garage.  (Opp. at 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

After an hour of being detained, more officers arrived, including Sergeant Saucedo (the supervising officer at the scene), and Deputy Martinez. (Comp. ¶ 7). Plaintiff complained to Sergeant Saucedo about the arrest, told Saucedo she was in pain, and asked Saucedo to loosen the handcuffs. (Comp. ¶ 7). Deputy Martinez watched and listened. (Comp. ¶ 7). Neither Sergeant Saucedo nor Deputy Martinez intervened. (Comp. ¶ 7). After what felt like at least two hours, Plaintiff was released and given what she viewed to be a bogus explanation that the officers were investigating a stolen car. (Comp. ¶ 7). As she was being released, Plaintiff complained of pain and discomfort to her shoulder and asked for medical care from Saucedo, Reynal and Martinez but they did not offer her medical care. (Comp. ¶ 7). Plaintiff asked for the names of the involved officers but was refused such information. (Comp. ¶ 7).[3]

Plaintiff immediately went to the nearby LASD station and filed a complaint with Watch Commander Eduardo Lopez. (Comp. ¶ 7). Lopez documented Plaintiff's complaint and interviewed her about the incident. (Comp. ¶ 7). At the LASD station, Plaintiff learned the identities of the officers who detained and arrested her and was provided with a report number for the incident. (Comp. ¶ 7). Plaintiff insisted she was injured as a result of the treatment she had received and asked for medical care. (Comp. ¶ 7). She was told the LASD needed to investigate her complaint and that she would be contacted by Lieutenant Taylor. (Comp. ¶ 7). Thereafter, she was interviewed about the incident again but was never advised of the disposition of her complaint or told that she would be contacted regarding her medical care and treatment. (Comp. ¶ 7).

As Plaintiff did not receive any referrals for medical care from the LASD and her pain got worse, Plaintiff checked in with the local hospital, was diagnosed wtih a right shoulder tear, and began a long arduous treatment for her injuries that had not healed as of the filing of the Complaint. (Comp. ¶ 7).

As of the date of the filing of the Complaint, Plaintiff had not received any communication regarding the outcome of her complaint to the LASD, believes that none of the individual Defendants has been disciplined, and believes that the LAPD and the County have informally ratified the conduct and practices of the individual Defendants as part of their longstanding custom and practice with respect to other detainees and citizens. (Comp. ¶ 7).

On April 28, 2023, Defendants filed an Answer to the Complaint. (Docket No. 10).

---

[3]Defendants represent: Deputy Martinez came to the location to render assistance, detained Plaintiff's husband at Reynal's request pending his stolen vehicle investigation, and aside from locating Plaintiff's identification card, had no contact with Plaintiff. Deputy Saucedo came to the location at Deputy Reynal's request and upon arrival, noticed that Plaintiff was sitting in the back of Reynal's patrol care. She spoke briefly to Plaintiff who complained that Reynal had not explained the reason that he thought Plaintiff's car had been stolen. Deputy Saucedo provided Plaintiff with her name and the names of Deputies Reynal and Martinez. (Opp. at 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

On May 9, 2023, Plaintiff served interrogatories on the County and individual Defendants and a Request for Production of Documents on the County. (NM Decl. ¶ 3; Docket No. 14 at 10).

On May 24, 2023, the parties filed a Joint Report Pursuant to Federal Rule of Civil Procedure 26(f). (Docket No. 14). Such report reflects the parties' agreement to exchange initial disclosures on or before June 1, 2023. (Docket No. 14 at 10).

On June 1, 2023, the County apparently produced multiple documents as part of its initial disclosures. (Plaintiff's Motion at 14 [referencing production of Exhibits A-O by Defendants on June 1, 2023]). See infra note 8 (describing discovery Exhibits produced and referenced by Defendants).

On an unspecified date, Defendants apparently responded to Plaintiff's initial written discovery and objected to the majority of such discovery requests. (NM Decl. ¶ 3). Defendants did produce the body worn camera recordings for the Defendant officers in multiple separate truncated clips but did not at that point produce any radio transmissions. (NM Decl. ¶¶ 3, 4).

On June 15, 2023, Plaintiff's counsel sent a Local Rule 37-1 meet and confer letter to Defendants' counsel which expressly discussed RFP Nos. 1-7, 9, 11, 15, 29 and 30 and Interrogatory Nos. 6, 7, and 10-12, noted that the Local Rules required counsel to meet and confer within ten days, and requested that Defendants' counsel provide his availability as soon as possible. (NM Decl. ¶ 5; NM Ex. A). On June 22, 2023, Plaintiff's counsel sent Defendant's counsel a follow-up email, again seeking Defendants' counsel's availability to meet and confer. (NM Ex. B). Defendants' counsel responded that evening, inquiring if they could meet and confer on June 28, 2023 at a specified time that afternoon. (NM Ex. B). On the morning of June 28, 2023, Plaintiff's counsel sent Defendants' counsel a zoom meeting invitation for that afternoon. (NM Ex. B). Later than morning Defendants' counsel emailed that he was not available to attend the zoom meeting that afternoon and asked to reschedule it for July 5 or July 6, 2023. (NM Ex. B). Plaintiff's counsel declined to agree to move the meeting into the next week and requested that Defendants' counsel provide another time the same week. (NM Ex. B). Defendants' counsel then offered the afternoon of June 30, 2023. (NM Ex. B).

On June 30, 2023, counsel telephonically met and conferred and, among other things, discussed the provision of the individual Defendants' personnel files with a protective order. (NM Decl. ¶ 6; NM Ex. B). On July 7, 2023, Plaintiff's counsel sent a follow-up email to Defendants' counsel confirming that Defendants' counsel had agreed to provide an update by July 13, 2023 about the client's position for supplemental responses and production of further records. (NM Decl. ¶ 7; NM Ex. B).

On August 7, 2023, Defendants' counsel advised Plaintiff's counsel via email that after a number of discussions with the LASD regarding the production of personnel records, it was agreed that the best manner in which to address the issues pertaining to personnel records was to enter into a joint stipulation and a proposed protective order. Defendants' counsel attached and asked Plaintiff's counsel to review a proposed joint stipulation and proposed protective order, and, if it met with her concurrence to sign and return it. (NM Decl. ¶ 8; NM Ex. C). Two weeks later, on August 21, 2023, Plaintiff's counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

responded, indicating she was agreeable to the proposed stipulated protective order and that Defendants' counsel was authorized to file it with her e-signature. (NM Decl. ¶ 8; NM Ex. C).

Meanwhile, on August 16, 2023, the District Judge issued a Scheduling and Case Management Order Re Jury Trial ("Scheduling Order") which, among other things, set February 14, 2024 as the non-expert discovery cut-off deadline. (Docket No. 16). The Scheduling Order emphasizes that such deadline is not the date by which discovery requests or discovery motions must be filed and served, but is the date by which all discovery, including all hearings on any related motions, is to be completed. (Scheduling Order [Docket No. 16] at 2, ¶ IIA).

On August 29, 2023, the parties submitted a Stipulation and Proposed Protective Order for the magistrate judge's consideration which was deficient in multiple respects and was denied without prejudice on September 15, 2023. (Docket Nos. 18, 19).

On September 15, 2023, Plaintiffs' counsel emailed Defendants' counsel seeking an update on discovery. (NM Ex. D). On September 16, 2023, Defendants' counsel responded, indicating he would check with the court regarding the status of the parties' proposed protective order and indicating that he was trying to figure out now to produce the personnel records from the LASD, was still working on that, and would have a response by the end of the following week. (NM Ex. D).

On September 18, 2023, Plaintiff's counsel emailed Defendants' counsel discussing the need to follow the assigned magistrate judge's sample form protective order, forwarding the assigned magistrate judge's form, and requesting that Defendants' counsel review and sign it. (NM Ex. D). Plaintiff's counsel indicated she would take on the filing of the proposed protective order as delays in the issuance of a protective order were preventing her from obtaining discovery, but further asserted that since Plaintiff had agreed to maintain confidentiality, there was no reason why Defendants could not produce it timely as agreed before court approval of the stipulated protective order. (NM Ex. D). Counsel exchanged further emails regarding the proposed protective order between September 22, 2023 and September 26, 2023. (NM Ex. D).

On September 26, 2023, the parties filed the revised proposed Stipulated Protective Order Re Production of Confidential Peace Officer Personnel Information. (Docket No. 20).

On September 29, 2023, Plaintiff's counsel emailed Defendants' counsel seeking an update on discovery and when Plaintiff would be getting it. (NM Ex. D).

On October 2, 2023, the Court approved the parties' revised proposed Stipulated Protective Order Re Production of Confidential Peace Officer Personnel Information. (Docket No. 21). Also on October 2, 2023, Plaintiff's counsel emailed Defendants' counsel seeking confirmation that Defendants would be producing additional discovery as agreed by October 6, 2023. (NM Ex. D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

On October 5, 2023, Plaintiff received certain documents from the individual Defendants' personnel files that had been discussed at the June 30, 2023 meet and confer session. (NM Decl. ¶¶ 11, 17). More specifically, the County produced reports for use of force and complaint investigations of Defendant Reynal (referenced as Exhibit W), some of which reference body worn camera recordings, audiotaped interviews of witnesses, and photographs, the latter of which were not produced. (NM Decl. ¶ 17).

On November 17, 2023, Plaintiff's counsel sent another Local Rule 37-1 meet and confer letter to Defendants' counsel, itemizing six issues: (1) the failure to provide a password for certain encoded personnel files that had been produced ("item 1"); (2) a request for audit trail logs for the body worn camera footage of the incident ("item 2"); (3) radio transmissions called for by RFP No. 15 as narrowed ("item 3"); (4) audio recorded interviews of Defendants related to Plaintiff's citizen complaint investigation ("item 4"); (5) use of force investigation reports related to Plaintiff's incident that were called for by RFP No. 4, if any ("item 5"); and (6) all existing audio/video footage and body worn camera footage related to Deputy Reynal's history of use of force/complaints previously produced ("item 6"). (NM Decl. ¶ 12; NM Ex. E). Such letter also pointed out that the Local Rules required counsel to meet and confer within ten days, requested that Defendants' counsel provide his availability for the following week as soon as possible, and indicated that if Plaintiff's counsel did not hear from Defendants' counsel by November 27, 2023 as required by the Local Rules, Plaintiff's counsel would take that as a refusal to cooperate under Rule 37 and proceed to unilaterally file a motion to compel against all Defendants with sanctions. (NM Decl. ¶ 12; NM Ex. E).

Defendants' counsel apparently did not take Plaintiff's counsel's invitation to meet and confer and instead, on November 17, 2023, merely provided a password to access Defendants' earlier encrypted production of discovery – effectively addressing item 1 in Plaintiff's counsel's November 17, 2023 letter. (NM Decl. ¶ 13; NM Ex. E).

On November 28, 2023, Plaintiff's counsel emailed Defendants' counsel, pointing out that she had not heard back from Defendants' counsel in response to her November 17, 2023 letter, that such failure was considered refusal to cooperate, and that Plaintiff would take further action by filing a motion to compel further responses. (NM Ex. F). On December 1, 2023, Plaintiff's counsel emailed Defendants' counsel inquiring whether the parties were going to reach an agreement on the discovery issues she had identified or whether she should get a court order. (NM Ex. F).

On December 4, 2023, Defendants' counsel provided the following update as to the matters raised in Plaintiff's counsel's November 17, 2023 letter: As to item 1 (*i.e.*, the missing password to access an encrypted production), Defendants' counsel noted that the password had been supplied. As to item 2 (*i.e.*, audit trail logs for body worn cameras), Defendants' counsel represented he was working with the LASD to address the issue raised by Plaintiff with respect to the recordings previously provided to Plaintiff and would let her know the outcome. As to item 3 (*i.e.*, radio transmissions), Defendants' counsel represented that he had requested the radio transmissions between 10:00 a.m. and 2:00 p.m. which were related to the incident and that if they exist and were located, they would be produced. As to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

item 4 (*i.e.*, further audio recorded interviews), Defendants' counsel represented that he had requested the audio/video related to Plaintiff's citizen complaint and if they existed, had not already been produced, were not privileged, and were located by the LASD, they would be produced. As to item 5 (*i.e.*, use of force investigation reports), Defendants' counsel stated that Defendants had responded to this inquiry in their response to RFP No. 4 and that there was no further response. As to item 6 (*i.e.*, audio/video/body worn camera footage for historical complaints against Reynal), Defendants' counsel took the position that Plaintiff was seeking something broader than requested in the document requests, noted that three such requests – RFP Nos. 3, 5, and 8 – sought digital media, and that Defendants essentially stood on their written responses thereto and had no further responses. (NM Ex. F). Defendants' counsel provided no commitment or timeframe as to when the further information regarding items 2, 3 and 4 that he indicated he would seek and produce would be forthcoming. (NM Decl. ¶ 13; NM Ex. F).

The next day (December 5, 2023), Plaintiff's Motion – which is a unilateral motion not in the form of a joint stipulation – followed. (Docket No. 23).

On December 12, 2023, Defendants' counsel emailed the following update as to items 2-4 in Plaintiff's counsel's November 17, 2023 letter: As to item 2 (*i.e.*, audit trail logs for body worn cameras), Defendants' counsel represented that there are audit trails for the body worn camera footage, but that such trails related only to who had viewed them, and as such, were not relevant and would not be produced, but that if Plaintiff's counel had a further description of "audit trail logs" to please provide it. As to item 3 (*i.e.*, radio transmissions), Defendants' counsel represented that radio traffic would be provided in a separate following email. As to item 4 (*i.e.*, further audio recorded interviews), Defendants' counsel represented that there were no audio/video recordings of deputy interviews. (Reply Ex. K).

In a December 13, 2023 responsive email, Plaintiff's counsel advised Defendants' counsel that the audit trail logs (item 2) maintained more than what had been represented by Defendants' counsel on the software technology and requested that Defendants produce them in their entirety and leave it to Plaintiff to determine if they were responsive to Plaintiff's needs. (Reply Ex. K). Defendants' counsel responded on the same date, indicating that he would discuss the audit trail issue further with his client. (Reply Ex. K).

On December 14, 2023, Defendants filed their Opposition to Plaintiff's Motion. (Docket No. 24). On December 20, 2023, Plaintiff filed her Reply. (Docket No. 25).

**III.   PERTINENT LAW**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b) which are in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a). Documents are deemed to be within a party's possession, custody or control if the party has actual possession, custody or control thereof or the legal right to obtain the property on demand. In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995), cert. dismissed, 517 U.S. 1205 (1996). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery, and based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control. A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citations and internal quotation marks omitted).

Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either: (1) state that the inspection will be permitted/production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(A)-(C). If the responding party states that it will produce documents, such production must be completed no later than the time specified in the request or another reasonable time specified in the response. Fed. R. Civ. P. 34(b)(2)(B).

If a party fails timely to object to discovery requests, such a failure generally constitutes a waiver of any objections which a party might have to the requests. See Fed. R. Civ. P. 33(b)(4) (any ground not stated in timely objection to interrogatory waived unless court, for good cause, excuses failure); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1991) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted), cert. dismissed, 506 U.S. 948 (1992); Apple Inc. v. Samsung Electronic Co., Ltd., 2012 WL 952254, *2 (N.D. Cal. Mar. 20, 2012) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response . . .") (citation omitted); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (court declined to consider objections that were not asserted in responding party's original discovery responses based upon party's failure timely to make such objections).[4]

---

[4]Courts have broad discretion to determine whether a party's failure to raise timely objections to discovery should be excused for "good cause." See Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C.1999). In exercising such discretion, courts consider several relevant factors, including: (1) the length of the delay in responding; (2) the reason for the delay; (3) dilatory conduct or bad faith by the responding party; (4) prejudice to the party seeking the disclosure; (5) the nature of the request (*i.e.*,

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order compelling disclosure or discovery on notice to other parties and all affected persons, and any such motion must include a certification that the movant has in good faith conferred or attempted to confer with the person/party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(3). If a party fails to produce documents, to respond that inspection will be permitted, or to permit inspection, the party propounding the discovery may move for an order compelling production or inspection. Fed. R. Civ. P. 37(a)(3)(B). For purposes of Rule 37(a), an evasive or incomplete response must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).

  Pursuant to Rule 37(a)(5)(A), if a party's discovery motion is granted, the court must, after giving an opportunity to be heard,[5] order a party/attorney whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorney's fees unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's conduct was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). On the flip side, if the motion is denied, the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B). If a discovery motion is granted in part and denied in part, the court may after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

  Local Rules 37-1, *et seq.* govern the filing of motions to compel discovery in the Central District of California. Such rules essentially contemplate that when a discovery dispute exists, the following shall occur: (1) the moving party will send the opposing party a meet and confer letter which

///
///
///

---

  [4](...continued)
whether the discovery requested was overly burdensome or otherwise improper); and (6) the harshness of imposing the waiver. Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005).

  [5]Paladin Associates, Inc. v. Montana Power Co, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (plaintiff given "opportunity to be heard" within meaning of rule allowing for imposition of discovery sanctions as plaintiff received notice of possibility of sanctions when defendant filed motion for costs, plaintiff allowed to submit responsive brief, and issues were such that evidentiary hearing would not have aided court's decisionmaking process); Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 686 (9th Cir. 1990) (party need not be given opportunity to respond to sanctions request orally if given full opportunity to respond in writing).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

comports with Local Rule 37-1,[6] with the opposing party having ten days to confer; (2) thereafter, if the parties are unable to resolve their differences, the moving party shall send the moving party's portion of a joint stipulation which comports with Local Rule 37-2.1 & 37-2.2 (and all supporting documents) to the opposing party, with the opposing party having seven days to insert its position and return the joint stipulation (and all supporting documents) to the moving party; (3) the moving party shall then sign the joint stipulation and send the joint stipulation to the opposing party who must sign and return the joint stipulation by the end of the next business day; (4) the moving party shall then file the joint stipulation along with a notice of motion, setting the matter for hearing not sooner than 21 days later/the court's next subsequent regular hearing date; and (5) the parties may file supplemental memoranda not later than fourteen days before the hearing date.  See Local Rules 37-1, 37-2, 37-2.1, 37-2.2, 37-2.3, 37-3. Alternatively, in the event that the opposing party fails to fulfill any of its foregoing obligations, Local Rule 37-2.4 allows the moving party to file a motion (not a joint stipulation) with a declaration attesting to the opposing party's failure, along with a notice of motion, setting the matter for not sooner than 28 days later/the court's next subsequent regular hearing date, with the opposing party's opposition due 21 days before the hearing date and the moving party's reply due 14 days before the hearing date.[7]  See Local Rule 37-2.4.  Local Rule 37-4 provides that the failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions

**IV.    DISCUSSION AND ORDERS**

Plaintiff's Motion essentially seeks an order compelling the County to supplement its production and responses to RFP Nos. 3, 4, 10, 13-15 and 24 and an order awarding Plaintiff monetary sanctions.

///
///
///
///

---

[6]Pursuant to Local Rule 37-1, the moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

[7]Pursuant to Local Rule 37-2.4, the Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with Local Rule 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with Local Rule 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added.  If such a declaration accompanies the motion, then Local Rules 6-1 (calling for not less than a 28-day notice), 7-9 (calling for the filing of an opposition not later than 21 days before the hearing date), and 7-10 (calling for the filing of a reply not later than 14 days before the hearing date).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

Defendant opposes Plaintiff's Motion, arguing that it is procedurally and substantively deficient, setting out discovery that the County has produced to date.[8] As detailed below, the Court is inclined to grant in part and to deny in part Plaintiff's Motion.

Preliminarily, the Court rejects Defendants' assertion that Plaintiff violated the Local Rules by filing a unilateral motion to compel without a joint stipulation. Plaintiff was within her rights to do so because Defendants' counsel technically failed to comply with the letter of Local Rule 37-1 by not conveying his availability to meet and confer, making himself available to meet and confer, or at least telephonically actually meeting and conferring regarding the matters included in Plaintiff's counsel's November 17, 2023 Local Rule 37-1 letter. See Local Rule 37-1, 37-2.4. Although, to his credit, Defendants' counsel ultimately provided multiple, albeit piecemeal email responses to Plaintiff's counsel's letter through December 13, 2023, that does not obviate the failure technically to comply with Local Rule 37-1, which failure afforded Plaintiff a basis to proceed unilaterally without a joint stipulation pursuant to Local Rule 37-2.4.[9]

**RFP Nos. 3 and 4**[10]

As the Court understands it, RFP No. 3 – which is not a model of clarity – essentially calls for the County to produce copies of crime and arrest reports and digital media (photos, audio/video)

---

[8] Defendants represent they have produced (1) a copy of an April 19, 2023 incident history report for the May 15, 2021 incident in issue (referenced as Exhibit A); (2) multiple USB drives containing body worn camera video footage of the May 15, 2021 events from 11:34:05 a.m. to 12:56:55 p.m. (referenced as Exhibits B-J); (3) photographs taken of Plaintiff's wrists on May 15, 2021 (referenced as Exhibits L-M); (4) a copy of an LASD Service Comment Report (referenced as Exhibit N); (5) a copy of Plaintiff's Claim for Damages (referenced as Exhibit O); (6) copies of Daily Worksheets for Defendants Reynal, Martinez and Saucedo for May 15, 2021 (referenced as Exhibit P); (7) copies of Unit History Reports for May 15, 2021 (referenced as Exhibit Q); (8) copies of County/LASD policies relating to the use of body worn cameras, handcuffing, the use of force, administrative investigations of citizen complaints, and law enforcement gangs/cliques/subgroups (referenced as Exhibits R-V); (9) CDs containing personnel records of Defendants Reynal, Martinez and Saucedo (referenced as Exhibits W-Y); and (9) two radio traffic recordings (referenced as Exhibit Z and AA). (Opp. at 8-9). Defendants also represent that there are no audio/video recordings of Defendants Reynal, Martinez and Saucedo relating to the May 15, 2023 incident/Plaintiff's complaints. (Opp. at 9).

[9] Although the Court has considered Defendants' Opposition to Plaintiff's Motion, it notes that such Opposition was filed one day late on December 14, 2023, even though it was due no later than December 13, 2023. See supra note 7.

[10] As Plaintiff jointly addresses these two document requests ("Plaintiff's Motion at 18-19), the Court does so as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

corresponding to multiple California Penal Code sections involving the individual Defendants and detention, use of force, interrogation of Plaintiff, victims or witnesses for the period of May 15, 2016 to the date of the County's response. (Plaintiff's Motion at 13). The County interposed multiple objections to this request (*i.e.*, that it is vague, ambiguous and overbroad, and calls for irrelevant information), but without waiving such objections directed Plaintiff to its June 1, 2023 initial disclosures, and represented that the underlying reports as well as digital media had been produced as Exhibits A-O. (Plaintiff's Motion at 13-14; see also supra note 8 (identifying substance of items referenced by the County's Exhibit numbers)).

RFP No. 4 essentially calls for the County to produce copies of each LASD completed use of force investigation report/the equivalent for the individual Defendants involved in the detention, use of force, interrogation and questioning of Plaintiff from May 15, 2021 to the date of the County's response. (Plaintiff's Motion at 14). The County interposed multiple objections to this request (*i.e.*, that it is vague, ambiguous and overbroad, and calls for irrelevant information), but without waiving such objections directed Plaintiff to its June 1, 2023 initial disclosures which included copies of investigation reports pertaining to the individual Defendants from May 15, 2021 to the date of production, referencing Defendants' production of items referenced as Exhibits A-O. (Plaintiff's Motion at 14; see also supra note 8 (identifying substance of items referenced by the County's Exhibit numbers)).

As best as the Court can determine on this record, it appears that Plaintiff has narrowed such requests to some degree and now seeks an order compelling the County to produce the following items that are assertedly responsive to RFP No. 3 and/or RFP No. 4, and that assertedly have not yet been produced: (1) the LASD's use of force investigation reports that correspond to Plaintiff's complaint to the LASD (an investigation Plaintiff presumes was conducted based on LASD Policy) (Plaintiff's Motion at 19 (referencing NM Ex I)) (which appears to correspond to item 5 in Plaintiff's counsel's November 17, 2023 letter); and (2) any digital media (body worn camera and audio footage) related to prior use of force incidents involving Defendant Reynal (which appears to correspond to item 6 in Plaintiff's counsel's November 17, 2023 letter. As to the former, the County stands on its response to RFP No. 4. (NM Ex. F). As to the latter, the County has taken the position that Plaintiff is seeking something broader than requested in at least RFP No. 3 and stands on its response to such request. (NM Ex. F).

The Court is inclined to grant in part and to deny in part Plaintiff's Motion as to RFP No. 3 and RFP No. 4. As to the requested use of force investigation reports regarding the May 15, 2021 incident, the Court is inclined to order the County to produce such items in its possession, custody or control to the extent it has not already done so and to provide a supplemental response to RFP No. 4 indicating that it has produced all such reports in its possession, custody or control. As to the digital media related to prior use of force incidents involving Defendant Reynal called for by RFP No. 3, the Court is inclined to narrow the request to call for digital media (body worn camera and audio footage) related to prior use of force investigations involving Defendant Reynal for the period of May 1, 2018 to the date on which the County's original production was due that involved only those uses of force that are or were the subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

of a lawsuit. The Court views the information sought by the foregoing narrowed version of this request to be proportional to the needs of the case, considering the factors set out in Rule 26(b)(1) and has, *sua sponte*, balanced Plaintiff's asserted need for the information sought against the privacy rights of third party individuals who may be depicted/recorded on the video/audio footage in issue.

**RFP No. 10**

As the Court understands it, RFP No. 10 – which is not a model of clarity – essentially calls for the County to produce all sergeant/watch commander/supervisory reports relating to the May 15, 2021 subject incident, including Plaintiff's complaint to the LASD and any resulting investigation. The County interposed multiple objections to this request (*i.e.*, that it is vague, ambiguous and overbroad, calls for irrelevant information, and is compound and unintelligible), but without waiving such objections, directed Plaintiff to its June 1, 2023 initial disclosures and represented that the underlying reports as well as digital media had been produced as Exhibits A-O. (Plaintiff's Motion at 15; see also supra note 8 (identifying substance of items referenced by the County's Exhibit numbers)).

As best as the Court can determine on this record, it appears that Plaintiff now seeks an order compelling the County to produce the following items that are assertedly responsive to RFP No. 10 and have not yet been produced: (1) supervisory use of force investigative reports relating to the May 15, 2021 incident/Plaintiff's corresponding complaint to the LASD (an investigation Plaintiff presumes was conducted based on County/LASD policy) (which arguably is encompassed within item 5 in Plaintiff's counsel's November 17, 2023 letter even though such item refers specifically to RFP No. 4); and (2) audio-taped interviews of Defendants relating to the May 15, 2021 incident (that Plaintiff presumes were conducted by Internal Affairs based on County/LASD policy) (which appear to correspond to item 4 in Plaintiff's counsel's November 17, 2023 letter). (Plaintiff's Motion at 19-20, 30). As to the former, the County stands on its response to RFP No. 4 (and presumably RFP No. 10). As to the latter, Defendants' counsel has represented that there are no audio/video recordings of deputy interviews. (Reply Ex. K).

The Court is inclined to grant in part and to deny in part Plaintiff's Motion as to RFP No. 10. As to the requested supervisory reports, the Court is inclined to order the County to produce such items in its possession, custody or control to the extent it has not already done so and to provide a supplemental response indicating that it has produced all such supervisory reports in its possession, custody or control. As to the requested audio-taped interviews of Defendants, the Court is inclined to deny Plaintiff's Motion as to RFP No. 10 both because such request does not actually call for the production of any audio recordings and because, in light of Defendants' counsel's representation regarding the non-existence of any such audio recordings, the matter is moot.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

**RFP Nos. 13-14**[11]

RFP No. 13 essentially calls for the production of all audio/video recordings related to the May 15, 2021 incident. (Plaintiff's Motion at 15). The County did not interpose any objections to this request and its response directed Plaintiff to Defendants' June 1, 2023 initial disclosures and represented that such disclosures included any and all audio/video recordings related to the May 15, 2021 incident, referencing Exhibits A-O. (Plaintiff's Motion at 15-16).

RFP No. 14 essentially calls for the production of each audiotaped/videotaped interview of any person connected to the May 12, 2021 incident and any subsequent, investigation thereof. (Plaintiff's Motion at 16). The County did not interpose any objections to this request and its response directed Plaintiff to Defendants' June 1, 2023 initial disclosures and represented that such disclosures included any and all audio/video recordings related to the May 15, 2021 incident, referencing Exhibits A-O. (Plaintiff's Motion at 16).

As best as the Court can determine on this record, it appears that Plaintiff now seeks an order compelling the County to produce the following items that are assertedly responsive to RFP No. 13 and/or RFP No. 14 and have not yet been produced: (1) "audit trail logs" that the body worn camera software system assertedly maintains because the body worn camera footage that has been produced is truncated and has gaps whereas the County/LASD policy requires contacts with citizens to be recorded in their entirety (which appear to correspond to item 2 in Plaintiff's counsel's November 17, 2023 letter); and (2) original recordings of interviews of the individual Defendants (as opposed to a narrative rendition of their statements by a sergeant) that Plaintiff suggests must have been conducted/recorded (which appear to correspond to item 4 in Plaintiff's counsel's November 17, 2023 letter). (Plaintiff's Motion 18). As to the former, Defendants' counsel has represented that such audit trail logs relate only to who viewed them – matters which assertedly are not relevant – and the County has declined to produce any such audit trails. (Reply Ex. K). As to the latter, Defendants' counsel has represented that there are no audio/video recordings of deputy interviews. (Reply Ex. K).

The Court is inclined to deny Plaintiff's Motion as to RFP Nos. 13 and 14. Neither RFP No. 13 nor RFP No. 14 call for the production of "audit trail logs," and it would be inappropriate to compel the County to produce items that have not been the subject of a formal discovery request. In light of Defendants' representation that there are no audio/video recordings of deputy interviews, Plaintiff's request to compel production of the same is moot.

///

---

[11] As Plaintiff jointly addresses these two document requests ("Plaintiff's Motion at 18), the Court does so as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

**RFP No. 15**

RFP No. 15 essentially calls for the production of all recorded radio transmission communications between and among LASD officers on all recorded channels employed by individual officers on May 15, 2021 from 9:00 a.m. to 6:00 p.m. relating to the May 15, 2021 incident. (Plaintiff's Motion at 16). (This request appears to correspond to item 3 in Plaintiff's counsel's November 17, 2023 letter). The County interposed multiple objections to this request (*i.e.*, that it was vague, ambiguous, overbroad and called for irrelevant information), and did not provide a substantive response thereto. (Plaintiff's Motion at 16).

Plaintiff's Motion reflects that Plaintiff has narrowed RFP No. 15 to seek radio transmissions for a time frame near the time of the incident and that as of the filing of Plaintiff's Motion, Defendant had not produced such radio transmissions. (Plaintiff's Motion at 18). Defendants' counsel's December 12, 2023 email post-dating the filing of Plaintiff's Motion, reflects that the County was concurrently producing radio transmissions. (Reply Ex. K). Plaintiff's Reply acknowledges that such radio transmissions have now been produced. (Reply at 2). In light of the foregoing, the Court is inclined to deny Plaintiff's Motion relative to RFP No. 15 as moot.

**RFP No. 24**

RFP No. 24 essentially calls for the production of photographs of any tattoos that the individual Defendants have on their bodies. (Plaintiff's Motion at 17). The County interposed multiple objections to this request (*i.e.*, that it was vague, ambiguous, overbroad, compound, called for irrelevant information, and intruded upon the officers' right to privacy) but, without waiving such objections, responded that the individual Defendants do not have tattoos which would identify them as members of a law enforcement gang or clique, subgroup, or association. (Plaintiff's Motion at 17). Plaintiff argues that the requested photographs are relevant because they may yield evidence of the individual Defendants' allegiance to a gang and because involvement in gangs fosters unlawful conduct and excessive force by deputies in citizen contacts and bears on the officers' credibility. (Plaintiff's Motion at 20, 30-31).

The Court is inclined to deny Plaintiff's Motion as to RFP No. 24 for at least the following reasons. First, this request appears to require the County to generate photographs that may not already exist, but Fed, R. Civ. P. 34 only requires a party to produce documents that are already in existence (Alexander v. FBI, 194 F.R.D. 305, 310 (D.D.C. 2000)) and accordingly, "a party cannot be compelled to create, or cause to be created, new documents solely for their production." Paramount Pictures Corp. v. Replay TV, 2002 WL 32151632, *2 (C.D. Cal. 2002) (citing Alexander, 194 F.R.D. at 310). Second, the information sought is not relevant or at best has only attenuated tangential relevance to a speculative theory and the Court finds that discovery thereof is not proportional to the needs of the case, considering the factors set out in Rule 26(b)(1). Third, after balancing Plaintiff's asserted need for the information sought against the rights of the individual Defendants to keep such information private, the Court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02585-DMG-JC | Date | December 29, 2023 |
|---|---|---|---|
| Title | LisaMarie Rayzberg v. Los Angeles County, et al. | | |

that the latter outweighs the former.  Farber, 234 F.R.D. at 191.  Finally, the Court notes that RFP No. 24 was not specifically referenced in either of Plaintiff's Local Rule 37-1 letters (NM Exs. A, E), and accordingly is not a proper subject of Plaintiff's Motion.

**Sanctions**

The Court is inclined to deny Plaintiff's request for an award of sanctions.  Such request is predicated on Fed. R. Civ. P. 37(a) and Local Rule 37-4.  As to the former, the Court has granted in part and denied in part Plaintiff's Motion (with such denial being predicated in part on matters other than mootness/the County's production post-dating the filing of Plaintiff's Motion), such that the imposition of sanctions is discretionary.  See Fed. R. Civ. P. 37(a)(5)(C).  The imposition of sanctions under Local Rule 37-4 is likewise discretionary.  Here, suffice to say that based on the record before it, the Court is not inclined to exercise its discretion to impose sanctions relative to Plaintiff's Motion.

IT IS SO (TENTATIVELY) ORDERED.