**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN. 243269)
655 North Central Avenue, Suite 1700
Glendale, CA 91203
Telephone No. (818) 388-7022
Web:  www.narinelaw.com
Email: narine56@msn.com

Attorney for Lizamarie Rayzberg

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIZAMARIE RAYZBERG,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. 2:23-cv-02585 DMG-JC<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO STRIKE DEFENDANTS' REPLY OR PERMIT PLAINTIFF TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**<br><br>**Hearing: 4/19/2024**<br>**Trial: 7/9/2024** |

Plaintiff LIZAMARIE RAYZBERG files this ex parte application on the following grounds:

1. Defendants filed a reply in support of their Motion for Summary Judgment impermissibly raising new issues and arguments, previously not raised in their moving papers;

1

2. Plaintiff is prejudiced by defendants' actions, and request Court to strike Defendants' reply and/or permit Plaintiff to file a sur-reply;

3. Emergency relief is appropriate because the hearing for the motion is scheduled for April 19, 2024, leaving no time for noticed motion.

**NOTICE of this *ex parte* application under Local Rule 7-19 was given to defense counsel, Raymond Fuentes, on April 8, 2024**. See **Exhibit.**

Defendants oppose this application.

DATED: April 9, 2024

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
**NARINE MKRTCHYAN**
Attorney for Plaintiff Lizamarie Rayzberg

# MEMORANDUM OF POINTS AND AUTHORITIES

In a characteristic pattern of continuous violation of Local Rules, and relevant statutes, the defendants have filed their reply to Plaintiff's Opposition to Defendants' Motion for Summary Adjudication by raising new arguments based on caselaw they never raised in their moving papers. **See Def Reply, Doc. 54, Sec. II, B. p. 16.**

Notably, for the first time in their papers they have addressed the decision of *Scott v. Harris*, related to video recordings, in arguing that the BWC contradicts Plaintiff's version of facts.

"It is well established in this circuit that `"[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs."'" *Northwest Acceptance Corp.,* 841 F.2d at 924 (quoting *United States v. Birtle,* 792 F.2d 846, 848 (9th Cir. 1986)). " *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) Any issue not timely raised is waived. *Dytch v. Yoon*, No. C 10-02915 MEJ at 5 (N.D. Cal. Mar. 8, 2011)

At no point in time, in their voluminous moving papers, they had either cited or relied on arguments made in *Scott v. Harris*, 550 U.S. 372 (2007). Plaintiff therefore, is prejudiced because she did not find it necessary to address the applicability of this case law to the issues at hand and requests the Court to permit a sur-reply to adequately challenge its applicability to these facts.

First, *Scott v. Harris* is not entirely applicable to this case. Its holding was that when the video of the incident plainly contradicted Plaintiff's version of facts that no jury could have reasonably believed Plaintiff, the Court should have taken the facts as depicted in the video at summary judgment stage. In that case, the entire incident of the high-speed pursuit from beginning to end was captured by dashcam video recording of defendant officer, leaving no room for doubt, any gray area of what actually happened. According to Court, the video plainly contradicted Plaintiff's version of what happened.

Here, on the contrary to aggressive and false assertions by defendants in their reply, Plaintiff's version of what happened is **supported**, not contradicted by the video evidence that does not entirely depict the incident with multiple gaps in-between. Defendants turned on and off their BWC videos and the initial interactions between Plaintiff and Defendant Reynal are not captured on Plaintiff's detention was longer than one hour based on the undisputed record. However, the BWC from defendants captures only parts of its with multiple gaps throughout this period. There are only BWC from Defendants Reynal and Saucedo, not from Martinez and they turned their BWC off on multiple occasions. See **Exhibit 19, Summary of BWC Video, Plaintiff's Compendium of Evidence in Opposition**. **Doc. 48** Moreover, aside from defendants' BWC recordings, Plaintiff's version of facts is separately supported by the Montebello PD BWC, attached as **Exhibit 16, Plaintiff's Compendium of Evidence**. Plaintiff has disputed assertions made by Defendant Reynal in his self-serving declaration both based on these BWC recordings and his sworn deposition testimony. **See Plaintiff's Disputed Statement of Facts.** Plaintiff has in fact relied heavily on the BWC recordings in much detail to support her theory of the case, on the contrary to what the defendants have falsely argued continuously relying on Plaintiff's Complaint (not evidence) and incomplete interrogatory responses prior to the development of discovery and all evidence in the case, at sworn depositions of Plaintiff and defendants and non-parties. Therefore, if the Court were even to rely on *Scott*'s holding, it would simply reject defendants' version of facts as it is entirely contradicted by the video evidence, entitling Plaintiff to a summary adjudication on her Fourth Amendment claim.

As the Ninth Circuit summarized the thrust of the *Scott*'s holding in *George v. Morris*:

> Even accepting for the sake of argument, though, that *Scott v. Harris* is meant to establish an exception to the rules for interlocutory

review, the dissent does not fit within that case's terms either. <u>*It points to no videotape, audio recording, or similarly dispositive evidence that "blatantly contradict[s]" or "utterly discredit[s]" Carol's side of the story*</u>. *Scott,* 550 U.S. at 380, 127 S.Ct. 1769.

*George v. Morris*, 736 F.3d 829, 835-36 (9th Cir. 2013) (emphasis added)

As the 4th Circuit also summarized the holding of *Scott*:

Of course, *Scott* does not abrogate the proper summary judgment analysis, which in qualified immunity cases "usually means adopting . . . the plaintiffs version of the facts." 550 U.S. at 378, 127 S.Ct. 1769. Thus, *Scott* does not hold that courts should reject a plaintiffs account on summary judgment whenever documentary evidence, such as a video, offers *some* support for a governmental officer's version of events. Rather, *Scott* merely holds that when documentary evidence "blatantly contradict[s]" a plaintiffs account "so that no reasonable jury could believe it," a court should not credit the plaintiffs version on summary judgment. *Id.* at 380, 127 S.Ct. 1769. As such, *Scott* simply reinforces the unremarkable principle that "[a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party" when "there is a `*genuine'* dispute as to those facts." *Id.* (quoting Fed.R.Civ.P. 56(c)) ( emphasis added).

Turning to the video in this case, it does not "clearly" or "blatantly" contradict Witt's ` version of the story." *Id.* at 378, 380, 127 S.Ct. 1769. Rather, it provides little assistance in resolving the parties' disputes as to the facts.

*Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 276-77 (4th Cir. 2011)

See also *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013), holding that contents of video were too uncertain to discount plaintiff's version of events:

> "When the videotape begins, Martinez and Ramirez are already yelling at each other. A struggle ensues, but it is unclear exactly what or who precipitates and what constitutes that struggle. " *Id.*

See also *Ferguson v. McDonough*, 13 F.4th 574 (7th Cir. 2021) (declining to apply the Scott exception where the video was open to interpretation and did not utterly discredit the plaintiff's version of the facts)

Defendants' assertions that Plaintiff's version of facts is plainly contradicted by incomplete video evidence with gaps is simply false. In support of their arguments, they willfully **<u>misstate and misquote</u>** parties' statements from BWC recordings, fail to mention Plaintiff's sworn deposition testimony, but rely entirely on the Complaint and Plaintiff's Interrogatory Responses prior to development and finishing of the evidence in the case, that cannot be taken as conclusive evidence against her, as they were supplemented by her deposition testimony and those of defendants and other non-parties.

Aside from minor inconsistencies about Plaintiff's statements from Interrogatory responses to deposition testimony as to what transpired, the defendants have not identified any material fact offered by Plaintiff that is plainly contradicted by video evidence. Main issues for Court's review are the reasons for Plaintiff's detention, the length of detention, and the scope and extent of the force used on her, and Plaintiff has identified genuine dispute as to all issues. Plaintiff

has disputed the propriety of her initial detention, the length of her detention and the application of force used on her. Furthermore, the scope of her injuries cannot be proven on the face of BWC recordings, because they are invisible injuries. The mechanics of Plaintiff's injury is not plainly visible on the face of the BWC recordings, because the video does not depict the position of Plaintiff's wrists during handcuffing by Reynal. Defendants have not materially disputed by expert testimony that Plaintiff has sustained an injury as a result of both the handcuffing and her seated position in the patrol car. The BWC would not help the Court as to how Plaintiff sustained an injury while seated in the car. A shoulder tear and nerve damage requires **medical evidence**, that Plaintiff has produced through expert declaration in disputing defendants' assertions of fact that no excessive force was applied or that their officers were acting reasonably when kept Plaintiff in handcuffs in a uncomfortable position seated in the patrol car. **Plaintiff's Disputed Statement of Facts.**

Unless the defendants have produced a different set of BWC recordings to Court from what they produced to Plaintiff in discovery, which Plaintiff does not contend, their arguments fail entirely, because the video evidence supports Plaintiff's version in material respect. Because there are also gaps in recordings, there is a genuine issue of material fact, as to what happened during those gaps. Plaintiff has adequately disputed Defendant Reynal's assertions that he was acting as a reasonably prudent officer in his initial interactions with her prior to turning on his BWC, or during the entirety of his investigation, when he turned off his BWC on multiple occasions. As an example, Plaintiff has the benefit of the Montebello BWC recordings as **Exhibit 16**, to dispute Reynal's assertions in material respect. Clearly, he had turned off his BWC during his discussions with

Montebello PD officers, Defendants Martinez and Saucedo, or other civilians he spoke during the incident. See **Plaintiff's Disputed Statement of Facts.**

For the following reasons, Plaintiff requests the Court to strike Defendants' Reply or permit Plaintiff to file a sur-reply to Defendants' Reply.

**Date: April 9, 2024**          **MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
**NARINE MKRTCHYAN**
Attorney for Plaintiff Lizamarie Rayzberg