**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIZAMARIE RAYZBERG,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV 23-2585-DMG (JCx)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANTS' REPLY OR PERMIT A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION [55]** |

On April 9, 2024, Plaintiff filed an *Ex Parte* Application ("EPA") to Strike Defendants' Reply or Permit a Sur-Reply in Opposition to Defendants' Motion for Summary Adjudication. [Doc. # 55.] Defendants oppose the EPA. [Doc. # 56.]

"Lawyers must understand that filing an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Thus, to justify *ex parte* relief, an applicant must make two separate showings. "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed

motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id*.

Here, no such emergency exists. It is well-established law that courts may reply on the *Scott v. Harris* opinion in deciding summary judgment motions where the relevant events are captured on video. *See Scott v. Harris*, 550 U.S. 372 (2007); *see also Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (explaining "the role of *Scott v. Harris*" in the summary judgment standard); *Rice v. Morehouse*, 989 F.3d 1112, 1120 (9th Cir. 2021) (citing *Scott v. Harris* in "Standard of Review" section); *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018) (citing *Scott v. Harris* in its explanation of factual background). This is not a new argument; in fact, it is a key aspect of the relevant standard that Rayzberg could easily have addressed in her Opposition. *Cf. Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016) (denying leave to file surreply where no new evidence or argument is presented).

The Court therefore **DENIES** Plaintiff's EPA.

DATED: April 10, 2024

DOLLY M. GEE
Chief United States District Judge