UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-2585-DMG (JCx) | Date | June 28, 2024 |
|---|---|---|---|
| Title | *Lisamarie Rayzberg v. County Los Angeles, et al.* | Page | 1 of 2 |

Present: The Honorable **DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE**

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS ON THE PARTIES' COUNSEL**

Pursuant to this Court's Scheduling and Case Management Order re Jury Trial ("CMO") [Doc. # 16], Local Rule 16-6.1, and the Court's instructions at the Final Pretrial Conference, the parties were required to file amended pretrial documents by Friday, June 21, 2024.

On June 10, 2024, the Court noted that the parties had failed to file a properly formatted Joint Statement of Jury Instructions, as well as each side's respective Statement of Disputed Instructions. *See* CMO at 9. At the Final Pretrial Conference, the Court again stated that the instructions did not comply with the Court's CMO and directed the parties to meet, confer, and comply with the CMO with regard to the jury instructions by June 21, 2024. The parties again failed to do so. Instead, the parties have again unilaterally filed their jury instructions. On June 20, Plaintiff filed her own "Joint Set of Undisputed Instructions" [Doc. # 116] and a "joint" disputed set of instructions. [Doc. # 116-1.] The same day, Defendants filed their own unilateral "joint statement" of jury instructions [Doc. # 118] and an incomplete "joint" statement of disputed instructions. [Doc. # 118-1.] On June 28, well after the deadline, Plaintiff further filed another set of unilateral proposed jury instructions. [Doc. # 127.] Defendants filed objections thereto on the same day. [Doc. # 128.] Counsel continue to demonstrate their disregard for court-imposed deadlines and directives.

In addition to the deficient jury instructions, the parties have failed to file their Joint Pretrial Exhibit Stipulation[1] and an Agreed Statement of the Case.[2]

---

[1] The document titled "Joint Pretrial Stipulation regarding Exhibits" [Doc. # 113] is actually the Joint Trial Witness Time Estimate Form. *See* CMO at 5, 17. The parties' failure to timely file a pretrial exhibit stipulation can be deemed a waiver of objections, except as to that evidence which was the subject of the Court's rulings on the motions *in limine*. Per the CMO, "[a]ll exhibits to which there is no objection shall be deemed admitted, provided that the **exhibit is offered as evidence at trial either through relevant witness or pursuant to the parties' written stipulation for admission of the exhibit without witness testimony.**" *See* CMO at 5 (emphasis in original).

[2] The parties have filed multiple versions of this document but have not agreed upon a final version. [Doc. ## 116, 120, 122.]

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk KD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-2585-DMG (JCx) | Date | June 28, 2024 |
|---|---|---|---|
| Title | *Lisamarie Rayzberg v. County Los Angeles, et al.* | Page | 2 of 2 |

The Court previously warned counsel that failure to file satisfactory pretrial documents "will result in the imposition of sanctions." [Doc. # 107.] Similarly, the CMO warns that "**FAILURE TO FOLLOW THE PRECEDING PROVISIONS OF THIS SECTION WILL SUBJECT THE NON-COMPLYING PARTY AND/OR ATTORNEY TO SANCTIONS AND WILL BE DEEMED TO CONSTITUTE A WAIVER OF JURY TRIAL.**" CMO at 10 (emphasis in original).[3]

Plaintiff's and Defendants' respective attorneys are hereby **ORDERED TO SHOW CAUSE in a joint written response by July 5, 2024** why the Court should not impose sanctions upon them for their failure to comply with a Court Order. The attorneys' filing of the required pretrial documents by **July 5, 2024** shall be deemed a satisfactory response.

Additionally, the Court orders the parties to lodge with the courtroom deputy clerk any depositions of absent parties or witnesses that either side intends to use at trial by **July 5, 2024**. Failure to do so shall result in waiver of the right to introduce that deposition at trial. *See* CMO at 15.

**IT IS SO ORDERED.**

---

[3] All page citations herein refer to the page numbers inserted by the CM/ECF system.